IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02735-RTG
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may delay the consideration of your claims.**)

MANUEL PU TIU,

      Petitioner,

v.

TODD BLANCHE, Attorney General of the United States,
SECRETARY OF U.S. DEPARTMENT OF HOMELAND SECURITY,
TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement,
FIELD OFFICE DIRECTOR, ICE Enforcement and Removal Operations, Denver Field Office, and
ALL OTHER PERSONS HAVING CUSTODY OF THE PETITIONER,

      Respondents.

---

## ORDER TO FILE AMENDED HABEAS APPLICATION

---

Petitioner Manuel Pu Tiu is a federal immigration detainee at the ICE Aurora Contract Detention Facility in Aurora, Colorado. Petitioner has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and paid the required filing fee. (ECF No. 1).[1] Accordingly, this habeas corpus action was opened.

The Court must construe the application liberally because Petitioner is not

---

1 "(ECF No. 1)" is an example of the convention used to identify the docket number assigned to a specific filing by the court's Case Management/Electronic Case Files (CM/ECF) system. The convention is used throughout this order.

1

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the following reasons, Petitioner will be ordered to file an amended habeas application.

## BACKGROUND

Petitioner names several high-ranking government officials as respondents. (ECF No. 1 at 1). However, the warden of the Aurora Detention Center (or its institutional equivalent) is the respondent who has immediate physical custody over Petitioner.

Petitioner raises a single claim in his § 2241 application titled "Indefinite detention without the right for a bond hearing." (*Id.* at 2). The claims and supporting allegations will be quoted verbatim, and in their entirety, without correcting or identifying errors in spelling, grammar, or punctuation:

> Petitioner possesses a driver's license when he got detained (see Exhibit A), has a pending Form 1-589 application for asylum filed with USCIS (see Exhibit B), and has three United States Citizen Children (see Exhibit C). Petitioner has a United States citizen sponsor who has pledged to support him upon release (see Exhibit D), as well as strong community support (see Exhibit E). Furthermore, Medical Documentation for Petitioner's Youngest Daughter Demonstrating her Medical Condition (see Exhibit F).

(*Id.*).

As relief, Petitioner asks the Court to order his release from immigration detention on supervision or bond, or, failing that, to order a prompt bond hearing before a neutral decisionmaker. (*Id.* at 4). He also requests any other relief needed to secure his release. (*Id.*).

2

The Court will now turn to the pleading issues presented by the application.

## PLEADING ISSUES

### 1.  Petitioner must name his custodian as the respondent.

The proper respondent in a habeas corpus action is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). In most cases, there is "only one proper respondent to a given prisoner's habeas petition," and the proper respondent generally is "the warden of facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "the petition must name as respondent the state officer who has custody."[2] Therefore, Petitioner's amended habeas application must name the warden of the Aurora Detention Center (or its institutional equivalent) who currently has custody over him.

### 2.  Petitioner must allege a specific violation of federal law.

Petitioner's amended application must clearly allege the violation of a federal right. Habeas corpus relief is warranted only if Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and

---

2 A "district court may apply any or all of these rules to a habeas corpus petition not covered by [§ 2254.]" Habeas Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Under Habeas Rules 2(c)(1) and 2(c)(2), Petitioner must identify the specific federal claim he is asserting, and he must provide specific factual allegations in support of the claim. The Habeas Rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

In the amended application, Petitioner must provide a clear statement of the claims he is asserting, along with the facts supporting each claim. Therefore, Petitioner should include specific factual allegations explaining:

- his country of citizenship or birth;

- how and when he entered the United States, along with the circumstances of his initial encounter with immigration authorities;

- the date Petitioner's current detention began and the total time he has been in custody;

- whether he has been placed in removal proceedings and, if so, when those proceedings began (for example, the issuance of a Notice to Appear) and their current status;

- whether a final order of removal has been entered against him and, if so, its date—or, if no final order has been entered, the current posture of his proceedings;

- if a final order of removal has been entered, whether his country of citizenship has agreed to accept him and the status of any efforts to remove him;

- the current status of his pending application for asylum;

- whether he has ever requested or been afforded an individualized bond hearing before an immigration judge; if so, the date, the outcome, and any bond amount set;

- whether he has ever been released on bond or to supervision, the conditions of any such release, and whether and why it was revoked;

- the facts bearing on his ties to the community—such as family members residing in the United States, employment history, and length of residence—that are relevant to any flight-risk and danger assessments he challenges; and

- any other facts showing Petitioner would appear as required if released.

If Petitioner does not include these background facts in the amended habeas corpus application, the Court cannot determine whether his detention is unlawful or whether he is entitled to habeas relief. Petitioner must therefore file an amended

habeas application that clearly pleads a cognizable federal claim.

## CONCLUSION

Accordingly, it is

ORDERED that Petitioner shall have thirty (30) days from the date of this order to file an amended habeas application providing a clear statement of the federal claims he is asserting and the facts supporting those claims. Petitioner must include all claims and allegations in the amended habeas application. It is

FURTHER ORDERED that Petitioner shall obtain and utilize the District of Colorado's form Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The form, along with the applicable instructions, can be found at www.cod.uscourts.gov. It is

FURTHER ORDERED that Petitioner must submit a single, completed application on the court-approved form as one document that contains all claims and allegations. Petitioner is advised that the Court is not required to sort through multiple pleadings to ascertain his claims or compile the required information from multiple documents. It is

FURTHER ORDERED that if Petitioner fails to file an amended habeas application as directed within the time allowed, the action may be dismissed without further notice.

DATED June 23, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge