**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-02735-NYW

MANUEL PU TIU,

Petitioner,

v.

WARDEN, DENVER CONTRACT DETENTION CENTER,
DENVER FIELD OFFICE DIRECTOR, ENFORCEMENT AND REMOVAL OPERATIONS, IMMIGRATION AND CUSTOMS ENFORCEMENT,
TODD BLANCHE, and
MARKWAYNE MULLIN,

Respondents.

---

## MEMORANDUM OPINION AND ORDER

---

This matter comes before the Court on the Amended Petition for Writ of Habeas Corpus (the “Petition”). [Doc. 8]. Respondents have responded. [Doc. 19]. Petitioner did not file a reply brief, and the time to do so has elapsed. and Petitioner has replied, [Doc. 9]. For the reasons set forth in this Order, the Petition is **GRANTED in part and DENIED in part**.

## BACKGROUND

Petitioner Manuel Pu Tiu (“Petitioner” or “Mr. Pu Tiu”) is a citizen of Guatemala who entered the United States in or about 2014. [Doc. 8 at ¶ 1]. On an unknown date, Mr. Pu Tiu was detained by ICE officials in Florida, and he was alter transferred to a detention facility in this District. [*Id.*]. On July 6, 2026, Petitioner was given a bond hearing before an immigration judge (or “IJ”). [*Id.* at ¶ 4]. The IJ denied bond after finding “that [Petitioner] had ‘not met his burden to demonstrate by clear and convincing evidence that

he does not pose a danger to the community or flight risk.'" [*Id.* (quoting Doc. 8-3 at 1)]. Petitioner argues that the immigration judge "improperly applied and articulated the legal burden in this case" and that "[t]he evidence in the record did not support the fining that the Petitioner was a danger or a flight risk." [*Id.* at ¶ 5]. He asserts one claim under the Fifth Amendment Due Process Clause, arguing that the bond hearing did not comply with due process requirements. [*Id.* at ¶¶ 20–23].[1]

In their Response, Respondents state that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 19 at 1]. They "recognize that the Court may then decide to grant the Petition and award appropriate relief." [*Id.* at 1–2].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the

[1] Petitioner also asserts that the bond hearing was "fundamentally unfair" because Petitioner was not given "a meaningful opportunity to be heard." [Doc. 8 at ¶ 24]. Petitioner does not provide context for this statement or explain how he was not given an opportunity to be heard at the hearing. *See* [*id.*].

writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Petitioner argues that "[t]he immigration judge improperly articulated and applied the legal standard in finding that the Petitioner failed to meet his burden that he was not a danger to the community and a flight risk" and that "[t]he immigration judge's denial was not supported by the evidence in the record." [Doc. 8 at ¶ 23]. The Court construes the first argument as a contention that Petitioner's due process rights were violated when the immigration judge placed the burden on Petitioner to show that he is neither a flight risk nor a danger to the community.[2] *See* [Doc. 8-3 at 1 (denying bond because *Petitioner* "ha[d] not met his burden to demonstrate by clear and convincing evidence that he does not pose a danger to the community or flight risk")]. So, the Court must determine whether Petitioner's due process rights were violated when the burden of proof was placed on him at his bond hearing.

[2] To the extent Petitioner argues that the denial "was not supported by the evidence in the record," [Doc. 8 at ¶ 23], the Court cannot reweigh the evidence that was presented to the immigration judge or "serv[e] as an appellate court over [the] IJ's bond decision," *Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026). To be sure, some courts have recognized that a noncitizen may show a constitutional error where "'the evidence itself could not—as a matter of law—have supported' the IJ's decision to deny bond." *Garcia v. Hyde*, 817 F. Supp. 3d 112, 126 (D.R.I. 2025) (quoting *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 240 (W.D.N.Y. 2019)). But here, Petitioner does not argue or explain why the evidence presented could not have supported the IJ's determination as a matter of law, arguing instead only that the record evidence was insufficient. [Doc. 8 at ¶¶ 5, 23].

Courts determine "the type of process required in a given case" using the balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1180 (D. Colo. 2024) (quoting *Marin v. King*, 720 F. App'x 923, 940–41 (10th Cir. 2018)). Under *Mathews*, the Court considers three factors to determine whether a petitioner's due process rights have been violated: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335.

The private interest affected by the Government action—Petitioner's freedom from detention—"is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects."); *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (describing "the interest in being free from imprisonment" as "the most significant liberty interest there is"). This factor weighs in favor of placing the burden at the bond hearing on the Government. *Kuzmic v. Baltasar*, No. 26-cv-00577-CYC, 2026 WL 1291853, at *3 (D. Colo. May 12, 2026).

The second factor also weighs in Mr. Pu Tiu' favor. "[R]equiring a noncitizen to prove that they are *not* a flight risk and *not* a danger to the community is an inherently more difficult burden to meet than proving the affirmative," since "'[a]s a practical matter it is never easy to prove a negative.'" *Alfaro Herrera v. Baltazar*, No. 25-cv-04014-CNS, 2026 WL 91470, at *10 (D. Colo. Jan. 13, 2026) (quoting *Elkins v. United States*, 364 U.S.

206, 218 (1960)); *see also Hernandez-Lara v. Lyons*, 10 F.4th 19, 31 (1st Cir. 2021) ("[P]roving a negative (especially a lack of danger) can often be more difficult than proving a cause for concern."). Placing the burden on Petitioner to prove two negatives necessarily puts him "behind the eight ball in a bond proceeding, and the opportunities for prejudicial error abound." *Hernandez-Lara*, 10 F.4th at 31.

Finally, the Court must consider the Government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. Respondents do not address this factor or identify any fiscal or administrative burdens that would result from placing the burden on the Government at Petitioner's § 1226(a) bond hearing. *See* [Doc. 19]. And since the Tenth Circuit has made clear that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond)," *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026), "any additional costs from shifting the burden of proof to the Government seem negligible," *Vizguerra-Ramirez v. Baltazar*, No. 25-cv-00881-NYW, 2025 WL 3653158, at *14 (D. Colo. Dec. 17, 2025); *see also Alfaro Herrera*, 2026 WL 91470, at *11 (recognizing that "it is likely that a government attorney would attend any bond hearing and prepare and marshal evidence of any possible danger or flight risk, regardless of which party bore the burden," and "[r]equiring that the government affirmatively present its position and evidence is unlikely to change that"). This factor weighs in Petitioner's favor.

Upon review of the *Mathews* factors, the Court finds that due process requires placing the burden on the Government at Petitioner's § 1226(a) hearing.[3] Because the immigration judge erroneously placed the burden on Petitioner, he is entitled to a new bond hearing under § 1226(a) at which the Government bears the burden to justify his continued detention by clear and convincing evidence.[4] *See Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("[T]he clear and convincing standard that generally 'applies to civil detention where liberty is at stake' is appropriate here." (quoting *L.G.*, 744 F.Supp.3d at 1186)); *see also Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026) (this Court agreeing with cases finding the clear and convincing evidence standard appropriate in bond hearing under § 1226(a)); *cf. Santillan Quiroz*, 180 F.4th at 1249 ("Due process requires that, whenever the Government detains somebody, it must have a good reason

[3] A number of other Courts in this District have reached similar conclusions. *See, e.g.*, *Guzman Torres v. Baltazar*, No. 26-cv-03265-CNS, 2026 WL 2267182, at *1 (D. Colo. Aug. 6, 2026) (Sweeney, J.) (granting habeas petition where the petitioner bore the burden at his bond hearing, so hearing was constitutionally inadequate); *Merino-Moran v. Baltasar*, No. 26-cv-01309-RMR, ECF No. 15 at 6–7 (D. Colo. Apr. 24, 2026) (Rodriguez, J.) (granting habeas petition because "the burden of proof should have been placed on the Government" at the petitioner's bond hearing); *Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936, at *2 (D. Colo. Nov. 14, 2025) (Gallagher, J.) (finding that the respondents' "failure to provide Petitioner with a detention hearing at which the government bore the burden of proof violated her Fifth Amendment rights"); *Kuzmic*, 2026 WL 1291853, at *2 (Chung, M.J.) (holding that "the government bears the burden at such a hearing of proving dangerousness by clear and convincing evidence and of proving flight risk by a preponderance of the evidence"); *see also Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1159 (D. Colo. 2026) (Martínez, J.) ("[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up)).

[4] Petitioner requests that the Court enter an order "requiring that within one day, Respondents release [him]." [Doc. 8 at 6]. This request is not accompanied by any supporting argument, *see generally* [*id.*], and the Court cannot raise arguments on Petitioner's behalf, *United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011).

for doing so. . . . If the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.'" (quoting *Zadvydas*, 533 U.S. at 690)).

Accordingly, the Petition is **GRANTED in part** and **DENIED in part**. It is **GRANTED** as to the substance of Petitioner's habeas claim, but it is **DENIED** insofar as Petitioner asks for immediate release. It is **ORDERED** that, on or before **September 24, 2026**, Respondents shall provide Petitioner another bond hearing under § 1226(a). **At the bond hearing, the Government must show by clear and convincing evidence that Petitioner is either a flight risk or a danger to the community. If Petitioner is not provided a bond hearing by that date, Respondents shall immediately release Petitioner from custody.** On or before **October 1, 2026**, the Parties shall file a joint status report addressing (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

## CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) The Amended Petition for Writ of Habeas Corpus [Doc. 8] is **GRANTED in part** and **DENIED in part**;

(2) Respondents shall provide Petitioner another bond hearing no later than **September 24, 2026**. **At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as**

**required herein, Petitioner must be immediately released from detention**; and

(3) On or before **October 1, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED: September 17, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge