**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-02735-NYW

MANUEL PU TIU,

Petitioner,

v.

WARDEN, DENVER CONTRACT DETENTION CENTER,
DENVER FIELD OFFICE DIRECTOR, ENFORCEMENT AND REMOVAL OPERATIONS, IMMIGRATION AND CUSTOMS ENFORCEMENT,
TODD BLANCHE, and
MARKWAYNE MULLIN,

Respondents.

---

**ORDER**

---

This matter is before the Court on Petitioner's Motion to Enforce Order Granting Writ of Habeas Corpus (the "Motion" or "Motion to Enforce"). [Doc. 24]. Respondents have responded to the Motion. [Doc. 27]. For the reasons set forth below, the Motion is **GRANTED**.

**BACKGROUND**

Petitioner Manuel Pu Tiu ("Petitioner" or "Mr. Pu Tiu") is a citizen of Guatemala who entered the United States in or about 2014. [Doc. 8 at ¶ 1]. On an unknown date, Mr. Pu Tiu was detained by ICE officials in Florida, and he was alter transferred to a detention facility in this District. [*Id.*]. On July 6, 2026, Petitioner was given a bond hearing before an immigration judge (or "IJ"). [*Id.* at ¶ 4]. The IJ denied bond after finding "that [Petitioner] had 'not met his burden to demonstrate by clear and convincing evidence that he does not pose a danger to the community or flight risk.'" [*Id.* (quoting Doc. 8-3 at 1)].

Mr. Pu Tiu filed an amended habeas petition. *See generally* [*id.*]. On September 17, 2026, this Court granted Mr. Pu Tiu's habeas Petition in part and ordered Respondents to provide him with another bond hearing at which the Government had the burden of justifying Petitioner's continued detention by clear and convincing evidence. [Doc. 20 at 9].

A bond hearing was held on September 24, 2026. [Doc. 24 at 2]. "At the hearing, the immigration judge heard argument and reviewed documentation evidence," and "[i]t became clear from the evidence in the record[] that Petitioner's prior counsel ha[d] never filed an application for Cancellation of Removal for Non Lawful Permanent Residents with the immigration court although they had filed evidence in support of that application with the immigration court." [*Id.*].

In a written order, the IJ denied bond. [Doc. 24-1 at 1]. She considered the prior IJ's "custody order finding that [Petitioner] did not present a danger to the community or a flight risk," but noted that she had to consider Petitioner's current circumstances, including any "material developments in the underlying removal proceedings." [*Id.* at 2]. The IJ determined that the record did not establish by clear and convincing evidence that Petitioner presented a danger. [*Id.* at 3]. As to flight risk, the IJ "reache[d] a different conclusion":

> The most significant change since the prior custody determination is the present posture of [Petitioner's] removal proceedings. [Petitioner's] Form I-589 has now been pretermitted. The prior Immigration Judge also found that [Petitioner] had failed to establish a prima facie claim for asylum, withholding of removal, or protection under the Convention Against Torture, noting, among other matters, the lack of corroborating evidence beyond a human-rights report.
>
> [Petitioner] has appealed the disposition of his Form I-589, and the Court does not prejudge that appeal. Nevertheless, the existence of an appeal

> does not require the Court to disregard the present procedural posture of the case when assessing incentive to appear.
>
> More importantly, although [Petitioner] has submitted a copy of a Form EOIR-42B and evidence that appears intended to support cancellation of removal, the Court cannot treat cancellation of removal as presently pending when the application itself was not filed with the Immigration Court. Thus, on the record presently before this Court, [Petitioner] does not have another pending application for relief before the Immigration Court that would independently provide a present avenue to remain in the United States.
>
> The Court recognizes counsel's representation that this circumstance may have resulted from ineffective assistance of [Petitioner's] former attorney. . . . But there is an important distinction between a potential basis for reopening and a proceeding that has actually been reopened. At this time, the Court cannot assume that a future motion under Matter of Lozada will be filed, that all procedural and substantive requirements will be satisfied, or that reopening will ultimately be granted.
>
> The Court has balanced this circumstance against [Petitioner's] substantial countervailing equities: approximately thirteen years of residence, United States citizen children, his youngest child's documented medical condition, fixed residence, employment and ownership of a flooring business, tax history, character evidence, and an identified lawful permanent resident sponsor. Those factors substantially mitigate flight risk, and the Court has not discounted them.
>
> Nevertheless, the Court finds that the Department has established by clear and convincing evidence that [Petitioner] presently poses a significant risk of flight. The Court reaches that conclusion not merely because [Petitioner] is removable or because relief has been denied, but because the posture of the proceedings has materially changed. [Petitioner's] principal application has been pretermitted, his appeal is pending, and the cancellation application upon which he now seeks to rely was never filed. The possibility of reopening based upon ineffective assistance remains contingent upon future proceedings. Consequently, [Petitioner] presently faces a materially greater incentive not to appear for removal should his appeal prove unsuccessful.

[*Id.* at 3–4].

Petitioner then filed the Motion to Enforce, arguing that the IJ violated his due process rights and noting that "[t]here was no individualized assessment as to how the

unique facts and circumstances of the Petitioner's situation made him a flight risk outside of the existence of the removal order and procedural posture of the case." [Doc. 24 at 4, 6]. Respondents do not contest this position, stating instead that they "are not submitting a brief in opposition to the Motion," so they "recognize that the Court may then decide to grant the Motion and award appropriate relief." [Doc. 27 at 1]. Respondents submit that the appropriate relief would be an order directing Respondents to release Petitioner. [*Id.*] Petitioner also seeks his release. [Doc. 24 at 6].

**ANALYSIS**

Although the INA provides that "[t]he Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien," 8 U.S.C. § 1226(e), this statute "only bars review of the Attorney General's 'discretionary judgment,'" *Mendez v. Dedos*, No. 1:26-cv-00394-KG-JHR, 2026 WL 973077, at *2 (D.N.M. Apr. 10, 2026) (quoting *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)). "Whether [a petitioner] received the due process to which he was entitled 'is not a matter of discretion' and is subject to judicial review." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *see also Castillo v. Field Off. Dir.*, No. 25-cv-25296, 2025 WL 4689387, at *5 (S.D. Fla. Dec. 19, 2025) ("Courts have repeatedly concluded that § 1226(e) does not preclude challenges to the procedures used in custody determinations under § 1226." (collecting cases)).

Thus, while the Court cannot "serv[e] as an appellate court over an IJ's bond decision," the Court may "assess[] whether the IJ applied the legal standard prescribed

by this Court and otherwise followed the Court's directives." *Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026). In this Order, the Court does not weigh the evidence before the immigration judge or act as an appellate court conducting a review of the IJ's ultimate determination. Instead, the Court will "review the nature and structure of the [IJ's decision] for the minimal indicia of due process." *Lopez v. Paulk*, 830 F. Supp. 3d 1356, 1368 (M.D. Ga. 2026).

"[D]ue process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). "The due process requirement that the nature and duration of confinement bear some reasonable relation to the purpose of the individual's commitment necessarily means the bond decision must be individualized." *D.Y.E.H. v. Warden, Irwin Det. Ctr.*, 839 F. Supp. 3d 1170, 1183 (M.D. Ga. 2026); *see also Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005) ("In the administrative context, [a noncitizen] . . . has the right to an individualized determination of his or her interests." (cleaned up)). "For a bond hearing to be fundamentally fair, any evidence relied upon by an IJ 'must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community.'" *de Souza Almeida v. Lowe*, No. 4:26-cv-01750, 2026 WL 2943125, at *3 (M.D. Pa. Sept. 30, 2026) (quoting *Santos v. Lowe*, No. 1:18-cv-01553, 2020 WL 4530728, at *3 (M.D. Pa. Aug. 6, 2020)).

Mr. Pu Tiu argues that the IJ violated his "due process rights and did not provide the constitutionally adequate individualized determination contemplated by the Court's order granting habeas relief," [Doc. 24 at 6], and the Court agrees. In her bond decision, the IJ concluded that Petitioner is a flight risk because his Form I-589 had been

pretermitted, his appeal is pending, his prior counsel failed to file the cancellation of removal application, and a prior IJ had denied his claim for asylum, withholding of removal, and protection under the Convention Against Torture. [Doc. 24-1 at 4]. This line of reasoning, however, "would seemingly preclude bond in any case involving detained individuals with removal orders and/or asylum denials." *Singh v. Baltazar*, No. 26-cv-01947-NRN, 2026 WL 2077483, at *2 (D. Colo. July 17, 2026). "The existence of a removal order does not obviate the IJ's obligation to make an individualized determination," *Farias-Ortega v. Soto*, No. 25-cv-17848-RK, 2026 WL 2671677, at *4 (D.N.J. Sept. 10, 2026), and by relying on the mere fact that Mr. Pu Tiu is in removal proceedings, the IJ created "a categorical presumption of flight risk, which is the opposite of an individualized assessment," *D.Y.E.H.*, 839 F. Supp. 3d at 1183–84. The IJ's categorical approach does not comply with due process requirements. *See de Souza Almeida*, 2026 WL 2943125, at *3 (recognizing that "[m]echanistic reliance on factors that are common to all § 1226(a) detainees will not" meet due process requirements (cleaned up)).

"Although an IJ is not required to discuss ad nauseum every piece of evidence, she still has an obligation to give reasoned consideration to the evidence as a whole, make supportable findings, and adequately explain her reasoning." *Motylev v. Strafford Cnty. Dep't of Corr.*, No. 1:26-cv-00103-SE-AJ, 2026 WL 2516939, at *2 (D.N.H. Aug. 5, 2026) (cleaned up). Here, the IJ referenced Petitioner's "substantial countervailing equities," including "approximately thirteen years of residence, United States citizen children, his youngest child's documented medical condition, fixed residence, employment and ownership of a flooring business, tax history, character evidence, and

an identified lawful permanent resident sponsor," but she failed to provide any explanation as to how these factors did not overcome the fact that Mr. Pu Tiu is in removal proceedings. [Doc. 24-1 at 4]. Instead, the IJ relied on what is essentially a presumption of flight risk that could be assigned to a great number of immigration detainees, which "indicate[s] an absence of the individualization required by due process." *Lopez*, 830 F. Supp. 3d at 1368; *see also Farias-Ortega*, 2026 WL 2671677, at *4 (collecting cases and recognizing that courts have "ruled that a bond hearing is fundamentally unfair where the IJ found that the petitioner is a flight risk based solely on the existence of a removal order and failed to consider a petitioner's individual circumstances").

Because the IJ did not make the individualized determination that due process requires, the Motion to Enforce is **GRANTED**. And because the Parties agree that immediate release is the appropriate remedy, [Doc. 24 at 6; Doc. 27 at 1], it is **ORDERED** that Respondents **SHALL RELEASE** Petitioner within **48 hours** of the entry of this Order. On or before **November 30, 2026**, the Parties shall file a status report confirming Petitioner's release from custody and indicating whether any further proceedings in this matter are required.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) Petitioner's Motion to Enforce Order Granting Writ of Habeas Corpus [Doc. 24] is **GRANTED**;

(2) Respondents **SHALL RELEASE** Mr. Pu Tiu within **48 hours** of the entry of this Order. Petitioner shall be released with all of his belongings and **WITHOUT** being subject to any conditions beyond any prior conditions of

supervision or release. Respondents shall provide Petitioner all necessary identity and travel documents to return to his primary address;

(3) Respondents are **ENJOINED** from re-detaining Petitioner prior to the entry of a final order of removal unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community;

(4) To the extent that any conditions are placed on Petitioner's release, Respondents **SHALL** include documents evidencing the legal justification for such conditions, such as a prior order of conditions of release or a transcript of a bond hearing during which the Government carried its burden of establishing by clear and convincing evidence that such release condition was warranted; and

(5) On or before **November 30, 2026**, the Parties shall file a joint status report confirming Mr. Pu Tiu's release and informing the Court whether further proceedings are required in this case.

DATED: November 19, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge